UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

MRS BPO LLC, d/b/a MRS ASSOCIATES,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed a letter into this District.

## PARTIES

3.    Plaintiff, MANUEL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, MRS BPO LLC, d/b/a MRS ASSOCIATES, ("MRS") is a limited liability company formed under the laws of the State of New Jersey and citizen of the State of New Jersey with its principal place of business at 1930 Olney Avenue Cherry Hill, New Jersey 08003.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Cogency Global Inc., Suite 4, 115 North Calhoun Street, Tallahassee, Florida 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt in the form of a credit card issued by Chase Bank USA, N. A. which Plaintiff used to make purchases for his own personal, family and household purposes, the "alleged debt".

11. Plaintiff's obligation with Chase Bank USA, N. A. went into default.

12. Thereafter, Defendant was retained for the purpose of collecting the alleged debt.

13. On or about February 8, 2017, Defendant mailed a letter dated February 4, 2017 ("the collection letter") to Plaintiff, attached as Exhibit "A".

14. Plaintiff received the letter shortly thereafter.

15. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

16. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

17. The collection letter states "Account Balance $2,351.55."

18. Credit card debts ordinarily accrue interest.

19. Based upon the terms of Plaintiff's agreement with Chase Bank USA, N. A., Plaintiff believes the alleged debt is accruing interest.

20. Defendant's letter is silent on the issue of interest.

21. If the alleged debt is accruing interest, Defendant has failed to inform Plaintiff of this fact.

22. If the alleged debt is not accruing interest, Defendant has still left the amount of the debt in doubt, because Defendant does not say whether the $2,351.55 mentioned will be accepted as full payment or not. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

23. Defendant has deceptively and misleadingly stated the amount of the alleged debt.

## COUNT I

3

## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

24. Plaintiff incorporates Paragraphs 1 through ------

25. Defendant's letter deceptively and misleadingly states the amount of the debt in violation of 15 U.S.C. §1692e.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658